

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 14, 1953

Hon. Travis D. Shelton        Opinion No. S-29
District Attorney
Lubbock, Texas                Re: Constitutionality of
                                  Chapter 354, Acts of
                                  the 52nd Legislature,
Dear Sir:                         1951.

        You have requested our opinion as to the con-
stitutionality of Chapter 354, Acts of the 52nd Legisla-
ture, 1951, being House Bill No. 744, and known as Article
1436c, Vernon's Penal Code.

        The caption of such Act reads as follows:

        "An Act making it unlawful to steal any
    internal combustion engine, electric motor,
    water well pump or battery used for irriga-
    tion or livestock watering purposes or any
    accessorial part of any such engine, motor,
    pump or battery; making such offense a fel-
    ony or a misdemeanor; prescribing punishment
    therefor; and declaring an emergency."

        There is no further designation in the body of
the Act as felony or misdemeanor.

        Section 35 of Article III of the Constitution
of Texas provides in part as follows:

        "No bill . . . shall contain more than
    one subject, which shall be expressed in its
    title. . ."

        In passing on the constitutionality of a simi-
lar caption to Article 1442a, V.P.C., the Court of
Criminal Appeals has held:

        ". . . Chapter 15, Acts of First Called
    Session of Thirty-ninth Legislature, contains
    the law, if any there be, making the theft of
    chickens a felony. The caption of the Act con-
    tained in said Chapter is as follows:

"'An Act making it unlawful for the
fraudulent taking of any chicken or turkey,
making such offense a felony or a misde-
meanor, prescribing punishment therefor;
and declaring an emergency.'

"It is thus declared that the offense
which is to be created by, and found in,
the body of the act, is 'a felony or a mis-
demeanor.' Nothing later on or further
sheds light on the inquiry above raised.
Manifestly the act denounced cannot be both
a felony and a misdemeanor. If this be
true, the caption of the bill in question
is not in compliance with the commands of
Section 35, Art. 3, of our Constitution.
. . . As said in . . . one object of Sec-
tion 35, Art. 3, of our Constitution is
to prevent the combination of incongruous
enactments in a statute. The attempted
making of a single act, viz, the taking of
a chicken or a turkey, a felony or a mis-
demeanor, would be the combining of in-
congruous enactments. So this title is in
direct violation of the Constitution."
Redding v. State, 109 Tex. Crim. 551, 552,
6 S.W.2d 360, 361 (1928).

The Redding case is controlling and has not
been overruled. Therefore, it is the opinion of this
office that Chapter 354, Acts of the 52nd Legislature,
1951, known as Article 1436c V.P.C., contains two in-
congruous subjects in contravention of Section 35 of
Article III of the Constitution of Texas, and is uncon-
stitutional.

SUMMARY

Chapter 354, Acts of the 52nd Legisla-
ture, 1951, known as Article 1436c V.P.C.,
contains two incongruous subjects in contra-
vention of Section 35 of Article III of the

Constitution of Texas, and is therefore unconstitutional.

APPROVED:

Rudy Rice
State Affairs Division

Willis E. Gresham
Reviewer

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JA/rt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *John Atchison*
John Atchison
            Assistant